UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CYNTHIA SHIPMAN,

                          Plaintiff,

v.                                                  5:14-CV-0077
                                                           (GTS)
COMM'R OF SOC. SEC.,

                          Defendant.
_____

APPEARANCES:                                         OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON           STEVEN R. DOLSON, ESQ.
 Counsel for Plaintiff
126 North Salina St., Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                   JASON P. PECK, ESQ.
OFFICE OF REG'L GEN. COUNSEL–REGION II    Special Assistant U.S. Attorney
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

# DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Cynthia Shipman ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") seeking disability insurance benefits and Supplemental Security Income pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 12, 14.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on June 24, 1958. She completed a high school education. Plaintiff's employment history consists of jobs as a certified nursing assistant, teacher's aide, and a school bus monitor. Generally, Plaintiff's alleged disability consists of spinal stenosis, a back injury, herniated discs in her neck, heel spurs, irritable bowel syndrome, diabetes, left ear hearing loss, lack of bladder control, high blood pressure, anxiety and depression. Plaintiff's alleged disability onset date is January 1, 2010, and her last date insured is December 31, 2013.

### B. Relevant Procedural History

On September 26, 2011, Plaintiff applied for Social Security disability insurance benefits and Supplemental Security Income. Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 11, 2012, Plaintiff appeared before the ALJ, Joseph K. Brinkley. (T. 28-59.) On September 18, 2012, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-27.) On November 26, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 15-23.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (T. 15.) Second, the ALJ found that Plaintiff's chronic obstructive pulmonary disease, obesity, sleep apnea, degenerative disease of the lumbar and cervical spine, asthmatic bronchitis, cubital tunnel syndrome, diabetes mellitus, urinary

2

incontinence, anxiety and depression are severe impairments. (*Id.*) Third, the ALJ found that Plaintiff's impairments do not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 16-17.) In doing so, the ALJ considered Listings 1.02, 1.04, 3.02, 3.03, 3.10, 9.300, 12.04 and 12.06. (*Id*.) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[1] except that she (a) must have the option to sit/stand/walk at will, (b) can lift/carry no more than ten pounds frequently/occasionally, (c) can occasionally balance, stoop and climb stairs and ramps, (d) may never crouch, kneel, crawl or climb ladders, ropes or scaffolds, (e) can occasionally reach overhead with bilateral upper extremities, (f) can frequently handle, finger and grasp with upper extremities, (g) must avoid concentrated exposure to extreme change in temperature, humidity, fumes, dust, wetness or workplace hazards including uneven terrain, unprotected heights and dangerous machinery, and (h) must be in a low-stress work environment without assembly lines or production quotas. (T. 17-22.) Fifth, the ALJ found that Plaintiff is unable to perform her past relevant work. (T. 22.) Sixth, and finally, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 23-24.)

---

[1] According to the regulations,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ committed reversible error by improperly classifying the physical requirements of light work under 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Dkt. No. 12 at 3-5 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ erred in relying on vocational expert ("VE") testimony that is inconsistent with the Dictionary of Occupational Titles ("DOT"). (*Id.* at 5-9.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues that the ALJ properly classified Plaintiff's RFC as one for light work. (Dkt. No. 14 at 6-7 [Def.'s Mem. of Law].) Second, Defendant argues that the VE's testimony was consistent with the DOT. (*Id.* at 7-11.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk

that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.  **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

IV.  **ANALYSIS**

A.  **Whether the ALJ Erred in Classifying Plaintiff's RFC**

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12, at 3-5 [Pl.'s Mem. of Law].) The Court would only add the following analysis.

RFC is defined as

> what an individual can still do despite his or her limitations. . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999) (quoting SSR 96-8p, 1996 SSR LEXIS 6, at *3). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 U.S. Dist. LEXIS 123817, at *20-21 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). The ALJ must consider all of the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. *See* 20 C.F.R. § 404.1545(b)-(e). The ALJ must consider RFC assessments made by acceptable medical sources and may consider opinions from other non-medical sources to show how a claimant's impairments may affect his ability to work. *See* 20 C.F.R. § 404.1513(c)(d). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984).

Plaintiff argues that the ALJ incorrectly defined the exertional requirements of light work in his RFC determination. (Dkt. No. 12, at 3-5 [Pl.'s Mem. of Law].) In support of this argument, Plaintiff primarily relies on the fact that the ALJ classified her RFC as "light" but required her to lift no more than 10 pounds, which is the lifting limitation of sedentary work. (*Id.* at 4.) First, several courts in other Circuits have considered this argument and found it to be

unpersuasive. *See, e.g., Reynolds v Astrue*, 11-CV-0559, 2012 U.S. Dist. LEXIS 44867, at *53-63 (D. Md. Mar. 30, 2012) (holding that "the 10 pound lifting requirement did not necessitate a classification of Plaintiff's RFC as 'sedentary'"); *Stronko v. Colvin*, 14-CV-0156, 2014 U.S. Dist. LEXIS 157075, at *27-29 (M.D. Pa. Aug. 13, 2014) (holding that "[a]ssuming *arguendo* that Plaintiff was unable to lift more than ten pounds, this alone is not substantial evidence that Plaintiff would be precluded from engaging in all but sedentary work"); *accord*, *Reese v. Comm'r of Soc. Sec.*, 99-CV-4223, U.S. App. LEXIS 23692, at *7 (6th Cir. Sept. 18, 2000).

Second, Plaintiff's reliance on this limitation is misplaced. Although the definition of light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," the definition goes on to say that, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, *or* when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (emphasis added). This statement of conditions in the disjunctive means that, even if a claimant cannot perform the lifting and carrying requirements of light work, that claimant could still be capable of some light work if she can do "a good deal of walking or standing." *See Miller v. Astrue*, 11-CV-4103, 2013 U.S. Dist. LEXIS 30129, at *18-19 (E.D.N.Y. Mar. 1, 2013).

For these reasons, the RFC that the ALJ assigned was not sedentary masquerading as light, but rather fell between sedentary and light. There was nothing inherently improper about an RFC such as this. If a claimant's exertional capacity falls between two rules that direct different conclusions ("Disabled" and "Not Disabled"), "an ALJ can properly find a claimant capable of performing a limited range of work in a given exertional category and then elicit [VE] testimony to determine whether that claimant is disabled." *Gravel v. Barnhart*, 360 F. Supp. 2d 442, 448 (N.D.N.Y. 2005); SSR 83-12, 1983 SSR LEXIS 32.

8

Nevertheless, the ALJ's RFC is not set forth with sufficient specificity for the Court to find that it is supported by substantial evidence. Specifically, there is insufficient evidence of record that Plaintiff could meet the remaining standing and walking requirements of light work. An RFC must be expressed as a function-by-function assessment before it may be rendered into an exertional level. SSR 96-8p, 1996 SSR LEXIS 5. There is no indication in the ALJ's decision, nor in any of the documents upon which the ALJ relied, as to how long Plaintiff could sit, stand, or walk in a given day. There is no medical evidence that Plaintiff's pain would be alleviated by switching between these positions. Without a specific finding of the total duration of time the claimant can spend in each position, merely including a sit/stand/walk at will option is not sufficient to show that a claimant can, in fact, make it through an eight hour work day by alternating between those positions. *Castillo v. Apfel*, 98-CV-0792, 1999 U.S. Dist. LEXIS 3048, at *34-35 (S.D.N.Y. Mar. 17, 1999). Therefore, the ALJ's RFC determination is not supported by substantial evidence and this matter must be remanded. The ALJ is reminded that, insofar as the medical records may be incomplete, the ALJ has an affirmative duty to develop the record before coming to his determination. 20 C.F.R. § 404.1512(d).

**B.     Whether the ALJ Erred in Relying on the VE's Testimony**

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 12, at 5-9 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Where a claimant's impairments are such that she cannot perform her past work, the burden shifts to the Commissioner to prove that there are other jobs that the claimant is capable of performing. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999). The Commissioner is required to "produce evidence to show the existence of alternative substantial gainful work

which exists in the national economy," taking account of the claimant's age, education and training. *Rosa*, 168 F.3d at 77-78. The Commissioner can usually meet her burden to establish that, if a claimant is unable to perform her past work, there is other work which she could perform, by reliance on the Medical-Vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grids." *See Baldwin v. Astrue*, No. 07-CV-6958, 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009). However, when the guidelines fail to encompass the extent of claimant's physical limitations, the Commissioner must seek the testimony of a VE, or other similar evidence, that there are jobs in the national economy that the claimant is able to obtain and perform. *Rosa*, 168 F.3d at 78. The VE can rely on information contained in government and other publications, including the DOT. *See* 20 C.F.R. § 404.1566(d). However, the ALJ has the responsibility to determine the claimant's capabilities based on all of the evidence. *See Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983).

Here, Plaintiff acknowledges that an ALJ may rely on VE testimony that conflicts with the DOT if the VE provides a reasonable explanation for the conflict. (Dkt. No. 12, at 6 [Pl.'s Mem. of Law] [citing SSR 00-4p, 2000 SSR LEXIS 8].) She correctly notes, however, that the ALJ did not discuss with the VE the walking/standing/sitting requirements of light and sedentary work, which were in conflict with the DOT. (*Id.* at 7.) Although the ALJ did inquire whether there were any conflicts regarding the VE's testimony, the VE's response was "Yes, *except where I noted the sit stand option consideration*," indicating that the sit/stand/walk at will option conflicted with the DOT. (T. 55) (emphasis added).

The ALJ failed to clarify how the three jobs that the VE had proposed could specifically be performed with the sit-stand option that conflicted with the DOT. The record does not contain a "reasonable explanation" for the conflict as required by SSR 00-4p. One of the jobs

was elaborated upon during cross-examination of the VE by Plaintiff's attorney (T. 58-59); however, the VE was never asked how the other two jobs could be performed with the sit/stand/walk at-will option. The VE also testified that Plaintiff would not be able to perform any sedentary jobs because of the sit/stand option, significantly narrowing Plaintiff's work base. (T. 53.) Given the Commissioner's burden to prove that sufficient jobs exist in the national economy which Plaintiff can perform, it is critical that the ALJ elicit testimony that Plaintiff can actually perform the duties required of jobs the VE proposes. For these reasons, it was error for the ALJ to rely on the VE's testimony without first obtaining a reasonable explanation for the admitted conflict with the DOT.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: September 17, 2015
       Syracuse, New York

                                                Hon. Glenn T. Suddaby
                                                Chief, U.S. District Judge